UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSICA HENDERSON** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **PENTAGROUP** ) | |
| **FINANCIAL LLC** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jessica Henderson, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.　Plaintiff, Jessica Henderson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Jessica Henderson is an adult natural person residing at 1521 W. Latimer Court, Tulsa OK 74127.

5. Defendant, Pentagroup Financial LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State Oklahoma and the state of New Jersey with its principal place of business located at 5959 Corporate Drive, Ste. 1400, Houston, TX 77036-2311 and a registered office located at 820 Bear Tavern Road, Trenton, New Jersey 08628-1021.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about October 15, 2009, Plaintiff spoke with Defendant's agent "Jason", and tried to set up payment arrangements for a debt owed to Dell Financial on a past due account.

8. On that call, Defendant's agent, "Jason", told the Plaintiff that the only way that he could accept a payment was with Plaintiff's checking account information and that she could not mail in a check.

9. Plaintiff asked to speak with a manger and was put on the phone with Defendant's agent, "Rich". Defendant's agent, "Rich", also told the Plaintiff that she had to give him her checking account information and that if she didn't give it to him he would continue to call her daily to get the payment out of her.

10. On that same call, Plaintiff also asked, Defendant's agent, "Rich", if he would stop calling her personal phone number. Agent, "Rich", said that he was able to call any phone he wanted to in order to try and reach her. Plaintiff ended the call.

11. On or about October 17, 2009, at 8:00 am, Plaintiff began receiving calls again from the Defendant. The calls came in every fifteen (15) minutes until the Plaintiff was able to call back. Plaintiff called and spoke to Defendant's agent, "Frank", who instantly started demanding payment on Plaintiff's outstanding debt.

12. Defendant's agent, "Frank", did not give Plaintiff the mini-miranda at any time during the before mentioned phone call.

13. Defendant's agent, "Frank", told the Plaintiff that the only payment arrangement he could accept would be at least three months of payments including all late charges. Plaintiff told the Defendant's agent, "Frank", that she could not come up with over $600 at one time. Defendant's agent, "Frank", told Plaintiff that she had no choice, because they needed to get paid.

14. From October 19, 2009 to the present, Plaintiff has received at least three (3) calls a day demanding that the Plaintiff set up automatic checking account withdrawals.

15. As of November 23, 2009, Plaintiff has yet to receive anything in writing from the Defendant in regards to this debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT 1 – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11) | Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt….communication from a debt collector " |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Pentagroup Financial LLC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: November 23, 2009**  **BY: /s/ Bruce K. Warren**
Bruce K. Warren, Esquire

**BY: /s/ Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff